UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

IN RE:                                          )
                                                )
NICHOLAS TERRELL McGAHEE        )        No.:   3:18-MC-46-TAV

# ORDER

Nicholas Terrell McGahee has filed the following cases in this Court:

    1:18-CV-60-RLJ-SKL     McGahee v. Chattanooga Parking Authority

    1:18-CV-162-TRM-CHS   McGahee v. Carta

    1:18-CV-62-PLR-CHS    McGahee v. Johnson Mental Health Center, et al.

While Mr. McGahee's cases have been pending, he has conducted himself in an unacceptable manner. This conduct concerns the Court for several reasons. He has (1) harassed and demonstrated aggression towards Court employees repeatedly, (2) used vulgar language in communicating with Court employees, (3) approached Court employees outside the Courthouse, (4) contacted a judge's chambers directly, (5) threatened to sue a particular judge and the Clerk's Office, and (6) loitered routinely in the Courthouse after he concluded his legal business. In sum, Mr. McGahee has been abusive, obnoxious, harassing, and intimidating.

To be sure, Mr. McGahee has a constitutional right of access to the federal courts. However, the Court has the inherent authority to control litigants' conduct, to promote the administration of justice, and to fashion an appropriate remedy to address litigation abuses.

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). The Sixth Circuit quotes the Supreme Court in *Chambers* for this proposition:

> "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in the presence, and submission to their lawful mandates." [T]he "power to punish for contempts is inherent in all courts," and . . . "[t]his power reaches both conduct before the court and that beyond the court's confines." . . . "Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."

*In re John Richards Homes Bldg. Co.*, 552 F. App'x 401, 413 (6th Cir. 2013) (quoting *Chambers*, 501 U.S. at 43-45 (internal citations omitted)). Furthermore, other courts have recognized this inherent power and fashioned appropriate sanctions. *See In re First City Bancorporation of Texas*, 282 F.3d 864, 867 (5th Cir. 2002) (upholding district court's judgment affirming the bankruptcy court's use of "inherent authority to police practitioners before it"); *Estate of Goodman v. Ballou*, No. 94-00162, 1994 WL 792365, at *1 (5th Cir. Nov. 1, 1994) (prohibiting party from contacting the Clerk's Office or any judge's chambers by telephone or in person); *In re Tayton Seth Finley*, No. 4:13-MC-11, at 2-3 (N.D. Texas Mar. 11, 2013) (limiting a party's access to the courthouse, ordering the party to be escorted inside courthouse, and restricting contact with courthouse employees in and outside the courthouse); *Dzwonczk v. Syracuse Housing Auth.*, 5:07-CV-1239, at 2 (N.C. N.Y. Nov. 13, 2008) (prohibiting party's contact with court other than in writing and restricting access to the courthouse without an escort).

Due to Mr. McGahee's abusive, obnoxious, harassing, and intimidating conduct towards the Court and its employees, it is hereby **ORDERED:**

1. Nicholas Terrell McGahee is prohibited from contacting United States District Court for the Eastern District of Tennessee employees or the judicial chambers of any judicial officer of this District by telephone or in person;

2. Nicholas Terrell McGahee shall communicate with the Court only in writing, and, in so doing, Nicholas Terrell McGahee shall conduct himself with civility and decorum;

3. Nicholas Terrell McGahee shall identify himself to a Court Security Officer at the screening station upon entering the Joel W. Solomon Federal Building, United States Courthouse, and inform a Court Security Officer if he intends to file documents with the Court. If he intends to file documents, the Court Security Officer will contact the Clerk's Office, and a deputy clerk will report to the screening station and accept any filings;

4. Nicholas Terrell McGahee will be permitted to enter the Joel W. Solomon Federal Building, United States Courthouse only when he is required by a judge of this Court to be physically present in the Courthouse for proceedings, and then he may enter no earlier than fifteen (15) minutes before the scheduled time of the proceedings. Upon entering the Courthouse, he shall identify himself to a Court Security Officer at the screening station and inform a Court Security Officer of the scheduled Court proceeding he is required to attend and the name of the presiding judge before he will be allowed through the screening station into the Courthouse. A Court Security Officer, United States

Marshal, or any representative of the United States Marshals Service shall accompany him to and from the proceedings, and Mr. McGahee must leave the Courthouse no later than five (5) minutes after his scheduled proceedings in Court are completed;

5. Employees of the Clerk's Office are permitted to instruct Nicholas Terrell McGahee to leave the Courthouse if he becomes abusive or disruptive;

6. The United States Marshals Service, Court Security Officers, the Federal Protective Service, and/or local law enforcement authorities are authorized to enforce this Order by escorting Nicholas Terrell McGahee from the Courthouse if he fails to comply with this Order;

7. Nicholas Terrell McGahee shall not go within fifty (50) feet of Court employees when they walk to or from the Courthouse and their parking spaces in the vicinity of the Courthouse;

8. Nicholas Terrell McGahee shall be subject to sanctions for contempt or other remedies available under state or federal law should he violate this Order; and

9. The United States Marshals Service shall personally serve a copy of this Order upon Nicholas Terrell McGahee.

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE